UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RIVERSTONE INSURANCE UK LTD.**          **CASE NO.  2:20-CV-00003**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**PIONEER NATURAL RESOURCES INC.**    **MAGISTRATE JUDGE KAY**

<u>**MEMORANDUM RULING**</u>

Before the court are Motions for Summary Judgment filed, respectively, by defendant Pioneer Natural Resources USA, Inc. ("Pioneer") [doc. 17] and plaintiff RiverStone Insurance UK, Ltd. ("RiverStone") [doc. 24]. Both motions seek a ruling on (1) whether Louisiana or Texas law governs this matter and (2) whether RiverStone can allocate defense costs payable to Pioneer for a pending state court suit under the insurance policy at issue. Both motions are opposed, and oral argument on the matter was heard by the court on November 3, 2020.

**I.**
**BACKGROUND**

This suit arises from an insurance coverage dispute between the parties, relating to a comprehensive general liability insurance policy issued by RiverStone's predecessor, Sphere Drake Insurance Limited, to Pioneer's predecessors, Mesa Operating Company and

Mesa Operating Limited Partnership. For ease of reference, the court will use "RiverStone" and "Pioneer" to refer to the respective parties in this opinion.

Under the terms of the policy, which went into effect in August 1992 for a one-year term, RiverStone "will pay on behalf of [Pioneer] all sums which [Pioneer] shall become legally obligated to pay as damages because of A. bodily injury or B. property damage to which the insurance applies . . . ." Doc. 17, att. 4, p. 5. RiverStone also has "the right and duty to defend any suit against [Pioneer] seeking damages on account of such bodily injury or property damages, even if any of the allegations of the suit are groundless, false or fraudulent . . . ." *Id.* On the same page, the policy then lists a number of exclusions denying coverage for certain causes and types of bodily injury and property damage. *Id.*

On December 3, 2018, Litel Explorations, LLC ("Litel") filed a legacy lawsuit against RiverStone and several other parties in the 31st Judicial District Court, Jefferson Davis Parish, Louisiana. Doc. 17, att. 8. There Litel alleges that it sustained substantial harm as a result of the defendants' oil and gas exploration and production activities, and that it discovered this harm with the blowout of the GA Lyon #1 well on or about November 2, 2018. *Id.* The suit allegedly encompasses Pioneer's leasehold interest in and operations of the GA Lyon #1 Well and the GA Lyon #1-D well from June 21, 1990, to May 19, 1994. Doc. 1, ¶ 24.

RiverStone filed a complaint for declaratory judgment in this court on January 2, 2020, on the issues of defense and indemnity under the policy. Doc. 1. Here it asserts that

diversity jurisdiction applies under 28 U.S.C. § 1332.[1] *Id.* at ¶ 4. RiverStone seeks a declaration that "it owes only its proportionate share of defense fees and costs according to its time on the risk." *Id.* at ¶ 27. It also maintains that, because the blowout was discovered over 25 years after the policy's expiration, it owes no coverage for damages arising from that occurrence. *Id.* at ¶ 30.

At Pioneer's motion, the court agreed to stay all claims relating to RiverStone's duty to indemnify until after a decision had been reached on its duty to defend. Docs. 5, 14. Pioneer now brings a motion for partial summary judgment on the latter issue, asserting that (1) Texas law applies and (2) RiverStone cannot allocate defense costs under this law. Doc. 17. RiverStone opposes the motion and brings its own motion for summary judgment, arguing that Louisiana law governs the matter and that RiverStone is only liable for its proportionate share of defense costs under that law. Docs. 23, 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by

---

[1] RiverStone states that it is a foreign insurance company with its principal place of business in the United Kingdom. It also alleges that Pioneer is a corporation organized under Delaware law with its principal place of business in Texas. Doc. 1, ¶¶ 2–3.

pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

#### A.  *Choice of Law*

Here a substantive conflict exists between relevant Louisiana and Texas laws. Most relevant to this motion, Louisiana permits allocation of defense costs under certain

circumstances in long-term exposure cases while Texas does not.[2] *Compare Arceneaux v. Amstar Corp.*, 200 So.3d 277, 282–83 (La. 2016) *with Tex. Prop. & Cas. Ins. Guar. Ass'n v. S.W. Aggregates, Inc.*, 982 S.W.2d 600, 604, 607 (Tex. Ct. App. – Austin 1998) (citing *Argonaut S.W. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973). The court must resolve the conflict by determining which state's law applies to RiverStone's duty to defend under the insurance policy.

In diversity cases like this one, federal courts apply substantive state law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In determining which state's substantive law should apply, federal courts use the choice-of-law rules of the forum state. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Accordingly, Louisiana choice of law rules apply to the question of which state's law governs the suit.

For contractual claims, Louisiana courts look to the following factors in a choice of law analysis:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

---

[2] RiverStone notes other areas of conflict between Texas and Louisiana law that may come into play on the indemnity issue. It admits that all other issues have been stayed pending the court's ruling on the duty to defend [doc. 14], but maintains that the issue of indemnity should also be considered because "any choice of law determination would apply to both [issues]." Doc. 23, p. 8 n. 8. It cites no authority for this statement, however, and the court is unaware of any rule forbidding it from altering the analysis for the indemnity issue. Accordingly, the court will confine its ruling to the duty to defend with no prejudice to any arguments made under the duty to indemnify.

La. Civ. Code art. 3537. Article 3515 further provides that the issue should be governed by the state whose policies would be most impaired if its law were not applied, and that this state should be determined based on (1) the relationship of each state to the parties and the dispute and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of the parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state. La. Civ. Code art. 3515. Finally, Louisiana's choice of law rules emphasize that the choice is issue-specific and that the analysis must be conducted with an eye to the policies impacted by the specific issue. *Id.* at cmt. d.

In an action involving the interpretation of an insurance policy issued in Louisiana, these factors result in Louisiana law being applied. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206. Where the insurance policy was issued in another state, the same rules generally dictate that the law of the state where the insurance policy was issued should govern. *Woodfield v. Bowman*, 193 F.3d 354, 360 (5th Cir. 2003); *see Solstice Oil & Gas I, LLC v. Seneca Ins. Co.*, 655 F. App'x 221, 223–24 (5th Cir. 2016) (collecting cases). Additionally, the insured is generally entitled to the application of the more beneficial of conflicting rules. *In re Combustion, Inc.*, 960 F.Supp. 1056, 1063 (W.D. La. 1997).

Under this reasoning, Texas law would apply to the issue of RiverStone's duty to defend. This is the result urged by Pioneer. RiverStone, however, argues that Louisiana law must control claims relating to this policy, because the conflicting provisions reflect Louisiana's superseding policy interests.

RiverStone emphasizes Louisiana's "strong public policy . . . in regulating the insurance industry and protecting the interests of injured residents and the effects on the local economy." Doc. 24, att. 2, p. 12. To this end it points to three federal court decisions applying Louisiana law to out-of-state insurance policies relating to coverage for injuries inflicted in Louisiana. *See In re Combustion Inc.*, 960 F.Supp. 1056 (W.D. La. 1997); *CXY Chems. USA v. Gerling Global Ins. Co.*, 991 F.Supp. 770 (E.D. La. 1998); *Richards Realty Co. v. Paramount Disaster Recovery, Inc.*, 476 F.Supp.2d 618 (E.D. La. 2007); *Dunlap v. Hartford Ins. Co. of Midwest*, 907 So.2d 122 (La. Ct. App. 1st Cir. 2005). As Pioneer notes, however, these decisions involved Louisiana tort claimants or property owners seeking to apply Louisiana law. Another, *Leblanc v. Texas Brine Co., LLC*, 2015 WL 7451196 (E.D. La. Nov. 23, 2015), was a suit involving plaintiffs' claims arising from a sinkhole against the insured tortfeasor, Texas Brine Company ("TBC"), as well as TBC's claims against its insurers, including Liberty Insurance Underwriters, Inc. ("LIUI"), and plaintiff's direct action claims against LIUI. At issue was TBC's motion for summary judgment on choice of law for its claims against LIUI, and specifically to a pollution exclusion within that contract, which was issued to TBC (a Texas company) in Texas. The court observed TBC's many connections to Louisiana and noted Louisiana's longstanding recognition that insurance policies are "a special type of contract infused with public policy concerns pertaining to the protection of injured persons who are not parties to the contract." *Id.* at *5. It also emphasized Louisiana's recognition that liability policies involved public policy interests relating to the protection of persons who were not parties to the contract, and

found that the coverage dispute – which also bore on the landowners' potential recovery – involved "more than merely a first-party squabble between LIUI and TBC in which Louisiana has no interest." *Id.*

Here, on the other hand, an application of Louisiana law would result in less coverage for the Louisiana-based claim. RiverStone fails to show how such an application would protect the interests of injured Louisianans or the local economy. The court can find no overriding state policy interest in applying this law to an insurance contract issued in Texas to a Texas resident merely because it conducted some business in Louisiana. On the specific issue of RiverStone's duty to defend, moreover, the court cannot find any justification for altering the terms of the policy just because the incident giving rise to the claim occurred in another state. Accordingly, Texas law will govern the duty to defend under the insurance contract.

### B. Allocation of Defense Costs Under Texas Law

Having determined that Texas law governs the issue, the court must now decide whether RiverStone is permitted to prorate its share of defense costs. RiverStone has already admitted that Texas law "likely does not" allow such an allocation. Doc. 24, att. 2, p. 9. To this end it cites to a state appellate court decision holding, *supra*, that "under Texas law, an insurer's duty to defend its insured on a claim occurring partially within and partially outside of the policy period is not reduced pro rata by the insurer's 'time on the risk' or by any other formula." *Tex. Prop. and Cas. Ins. Guar. Ass'n*, 982 S.W.2d at 607. The holding has been cited as an accurate statement of Texas law by the United States Fifth

Circuit Court of Appeals. *See Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 363 (5th Cir. 2008); *Primrose Oper. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 559 (5th Cir. 2004). RiverStone presents no intervening authority to contradict this view. Accordingly, the court agrees and holds that RiverStone cannot prorate or allocate the defense due to Pioneer.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 17] filed by Pioneer will be **GRANTED** and the Motion for Summary Judgment [doc. 24] filed by RiverStone will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of November, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**